UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JONATHAN A. TOMPKINS,

      Petitioner,

v.                            Case No: 5:19-cv-559-Oc-02PRL

WARDEN, FCC COLEMAN –
LOW,

      Respondent.
_____

## ORDER DISMISSING CASE

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his "prosecution under 18 U.S.C. § 922(g)" claiming it is "null and void because the Government was not able to both that Tompkins knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 6-7.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." See also Rule 12, Rules Governing Section 2255 proceedings. Recently, sitting *en banc* the Eleventh Circuit overruled prior precedent and held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds not present in this case. McCarthan v. Director of Goodwill

Industries-Suncoast, Inc., 851 F.3d 1076, 1079 (11th Cir. 2017) (en banc) (quoting 28 U.S.C. § 2255(e)); Bernard v. FCC Coleman Warden, 686 F. App'x 730 (11th Cir. 2017) (citing McCarthan, 851 F.3d at 1092-93).

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), this case is **DISMISSED**. See also 28 U.S.C. § 2255(b). The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, this 26th day of November 2019.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE


Copies to: Pro Se Petitioner